Felicia B. Canfield, #9686
Philip D. Dracht, #11561
FABIAN & CLENDENIN, P.C.
215 South State, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone: (801) 531-8900
fcanfield@fabianlaw.com
pdracht@fabianlaw.com
*Attorneys for Defendant Mortgage Electronic Registration Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN R. WEST and COMMONWEALTH PROPERTY ADVOCATES, <br><br> Plaintiffs, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; HSBC BANK USA, N.A.; and JOHN DOES OF UNKNOWN NUMBER. <br><br> Defendants. | Case No. 2:10cv01047 <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> Judge Dee Benson |

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") respectfully

submits this memorandum in support of its Motion to Dismiss.

## INTRODUCTION

In their complaint Plaintiffs ask this Court to find and order that the trust deeds attached

to their complaint are void and unenforceable thereby precluding any foreclosure or any lien

claim against the secured property, enjoin defendants from foreclosing the trust deeds, order

termination of all collection activities relating to the notes and trust deeds, quiet title in the

subject property in Plaintiffs, refund to Plaintiffs all fees and charges paid pursuant to the notes and trust deeds, and award them their attorneys fees and costs in this action.

In requesting this extraordinary relief Plaintiffs admit they obtained the loans for which they executed promissory notes (collectively the "Notes") secured by the Deed of Trusts attached as Exhibits B, C and D to Plaintiffs' complaint (collectively the "Trust Deeds"), which designate MERS as beneficiary "as the nominee for Lender and Lender's successors and assigns". Plaintiffs do not claim that they did not default under the Notes and Trust Deeds.  Instead, Plaintiffs' request for relief is premised solely upon their claimed belief that MERS has no authority to initiate foreclosure proceedings, notwithstanding the provisions expressly authorizing MERS to foreclose in the event of default.  Plaintiffs allege that because the Notes were purportedly assigned, but not recorded, defendants have lost any enforceable interest in the Notes and Trust Deeds.

Plaintiffs are wrong.  As held by numerous decisions in the District of Utah interpreting similar or identical provisions in deeds of trust, including a decision for which Plaintiffs' attorney was the attorney of record[1], MERS, as the beneficiary of a deed of trust and nominee for the lender and its successors and assigns, has the legal authority under Utah law to declare a default and initiate foreclosure proceedings.

Plaintiffs therefore, as a matter of law, cannot state a claim for relief on the allegations in their complaint or under any of the causes of action, since each are premised upon their erroneous theory. This Court should therefore dismiss Plaintiffs' complaint and each of their

---

[1] *See Commonwealth Property Advocates*, *LLC v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3743643, (D.Utah, September 20, 2010).

causes of action therein, with prejudice, on the merits and without leave to amend, for failure to

state a claim upon which relief can be granted.

## FACTS AND BACKGROUND

The following allegations are taken from Plaintiffs' complaint and exhibits thereto.

1.      On April 20, 2007, Plaintiffs entered into a mortgage loan in the principal amount

of $468,000.00 (the "first loan") for real property located in Salt Lake City, Utah (the

"Property").  In connection with that loan, Plaintiffs signed a promissory note and secured it with

a Deed of Trust (the "First Trust Deed") upon the Property.[2]

2.      On April 20, 2007, Plaintiffs entered into a second mortgage loan in the principal

amount of $117,000.00 (the "second loan"), which loan was also secured by a second Deed of

Trust (the "Second Trust Deed") upon the Property.[3]

3.      The first two loans originated with Security National Mortgage Company,

identified as the "Lender" in the First and Second Trust Deeds.[4]

4.      The First and Second Trust Deeds identify Plaintiffs as "Borrower" and

Defendant Mortgage Electronic Registration Systems, Inc., as "the beneficiary under this

Security Instrument" and "nominee for Lender and Lender's successors and assigns, and state:

> Borrower understands and agrees that MERS holds only legal title to the interest
> granted by Borrower in this Security Instrument, but, if necessary to comply with
> law or custom, MERS (as nominee for Lender and Lender's successors and
> assigns) has the right: to exercise any or all of those interests, including, but not
> limited to, the right to foreclose and sell the Property; and to take any action

---

[2] Complaint ¶¶3, 34-37, Ex. B, pp. 1-3

[3] Complaint ¶¶3, 38-39, Ex. C, pp. 1-2

[4] Complaint ¶¶35, 38, Ex. B, p. 1, Ex. C, p. 1

required of Lender including, but not limited to, releasing and canceling this Security Instrument.[5]

5.      On October 8, 2008, Plaintiffs entered into a third mortgage loan which was also secured by a third Deed of Trust (the "Third Trust Deed") upon the Property.[6]

6.      The third loan originated with Cache Valley Bank, identified as the "Lender" in the Third Trust Deed.[7]

7.      The Notes were allegedly transferred into a pool and sold to investors who purportedly did not record the transactions.[8]

8.      On or about January 12, 2009, a Substitution of Trustee was recorded on the Property and a Notice of Default and Election to Sell was served upon Plaintiffs for the First Trust Deed.[9]

9.      Plaintiffs' first cause of action is for injunctive relief, for which they ask the Court to enjoin the defendants in this action from foreclosing the Trust Deeds, on the alleged grounds that the defendants have ceased to have any enforceable interest in the Trust Deeds as a result of the purported pooling and sale of the underlying debts.[10]

10.      Plaintiffs' second cause of action is for estoppel/declaratory judgment, for which they ask the Court to declare that the defendants lack any enforceable interest in the Property

---

[5] Complaint ¶¶37, 40, 42, Ex. B, pp. 1-3, Ex. C, p. 1-2

[6] Complaint ¶¶3, 43-44, Ex. D, pp. 1-2

[7] Complaint ¶43, Ex. D, p. 1

[8] Complaint, ¶¶46-49, 52

[9] Complaint, ¶¶57-58, Ex. H & J

[10] Complaint, ¶¶60-65, Prayer

pursuant to the Trust Deeds, on the alleged grounds that the defendants permitted servicers to service the underlying debts.[11]

11.     Plaintiffs' third cause of action is for declaratory judgment, for which they ask the Court to order the termination of all collection activities on the Notes on the alleged grounds that because defendants purportedly transferred the underlying debt, they therefore could not have known whether any default occurred, lacked authority to declare a default or to foreclose. [12]

12.     Plaintiffs' fourth cause of action is for quiet title, for which they ask the Court to declare the Trust Deeds are not a lien on the Property and to quiet title in the Property in Plaintiffs, on the purported grounds that defendants allegedly have no enforceable interest in the Notes and Trust Deeds on account of the purported transfers of the underlying debts.[13]

13.     Plaintiffs' fifth cause of action is for a refund of attorneys fees and costs as well as reimbursement of fees and costs paid under the Notes and Trust Deeds, on the grounds the Trust Deeds were rendered unenforceable when the underlying debts were purportedly transferred and the trustee's attempt to foreclose is fraudulent .[14]

---

[11] Complaint, ¶¶66-73, Prayer
[12] Complaint, ¶¶74-84, Prayer
[13] Complaint, ¶¶85-89, Prayer
[14] Complaint, ¶¶90-94, Prayer

<u>**ARGUMENT**</u>

**I.**    **STANDARD OF REVIEW.**

This Motion should be granted pursuant to F.R.C.P. 12(b)(6) because Plaintiffs are
unable to show sufficient facts to set forth a plausible claim for relief.[15]  As the Supreme Court
explained in *Bell Atl. Corp. v. Twombly*, Plaintiffs' complaint need not contain detailed factual
allegations, but it must plead "enough facts to state a claim for relief that is plausible on its
face."[16]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]
Here Plaintiffs must, but cannot, frame a complaint with enough "factual matter" to show they
are entitled to relief against MERS sufficient to "nudge [his] claims across the line from
conceivable to plausible." [18]  The policy behind this plausibility standard is to expose defects in a
case early in the process, "at the point of minimum expenditure of time and money by the parties
and the court."[19]  The defects in Plaintiffs' complaint are apparent and incurable – each of their
causes of actions rests upon an erroneous theory which has been repeatedly rejected in recent
decisions in the District of Utah interpreting similar or identical provisions in deeds of trust.
Defendant MERS, and this Court, should not be required to expend time and money in this
baseless litigation.  This Motion should therefore be granted.

---

[15] *Bell Atlantic Corporation, et al. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955, 1969 (2007).

[16] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

[17] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555.

[18] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *accord Southam v. Lehman Brothers Bank FSB*, 2010 WL
3258320 (D. Utah 2010).

[19] *Id.* at 1966.

## II.   PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE UTAH COURTS HAVE ALREADY REJECTED THE LEGAL THEORIES UPON WHICH PLAINTIFFS' COMPLAINT DEPENDS.

Plaintiffs' complaint and all of Plaintiffs' causes of action and claims for relief are premised upon the erroneous assertion that defendants failed to retain any right to declare a default and initiate foreclosure proceedings when the Notes and Trust Deeds were purportedly assigned or transferred.  The Trust Deeds Plaintiffs signed and agreed to, however, contemplate multiple possible assignments or transfers.  The First Trust Deed states: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."[20] It further explains what impact a sale might on servicing the Note:

> A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to the sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, [and] the address to which payments should be made .... If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.[21]

The Second Trust Deed repeatedly refers to circumstances involving "Lender's successors and assigns" and provides: "The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower." [22]

---

[20]  Complaint, Ex. B, p. 12.

[21]  Complaint, Ex. B, p. 12.

[22]  Complaint, Ex. C, p. 4.

The very documents upon which Plaintiffs rely and quote in their complaint expressly contradict their theory that any assignment or transfer of the Notes and Trust Deeds deprived defendants, including MERS, of any beneficial interest or authority to enforce their terms.

### A.    The First Trust Deed Grants MERS Express Authority to Initiate Foreclosure Proceedings.

Plaintiffs expressly understood and agreed that MERS was the beneficiary of the First Trust Deed and had the authority to foreclose upon Plaintiffs' default:

> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, **MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property**; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.[23]

Whether the Lender may have sold its interest in the Notes is irrelevant; the Trust Deeds expressly grant MERS, as the nominee for Lender *and Lender's successors and assigns*, authority to foreclose and sell the property if there has been a default – and Plaintiffs do not allege there has not been a default.

In *Burnett v. Mortgage Electronic Registration Systems, Inc.*,[24] Judge Kimball of this Court, interpreting identical language in a trust deed, held that such language validly confers upon MERS authority to foreclose on property on behalf of a lender. In that case, similar to here, the plaintiff was a borrower who had defaulted under the trust deed and alleged in her complaint that MERS did not have authority to appoint a successor trustee and initiate foreclosure

---

[23] Complaint, Ex. B, p. 3, bottom paragraph (emphasis added); *see also* Ex. C., p. 2, middle paragraph.

[24] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294, *4 (D.Utah. Oct. 27, 2009).

proceedings.[25]  The Court, analyzing the identical clause in that trust deed, disagreed, holding

that "when Plaintiff defaulted on her contractual monthly payments, MERS had authority under

the Deed of Trust to initiate foreclosure proceedings and to appoint [the] successor trustee..."[26]

   In dismissing the plaintiff's request for declaratory judgment there, which was also based

the erroneous assertion that MERS lacked authority to foreclose, the Court held "the language of

the Deed of Trust clearly grants MERS the authority to exercise the full ambit of authority

possessed by the Lender."[27]  Accordingly, the Court dismissed Burnett's complaint in its entirety,

with prejudice.[28]  *Burnett* has been favorably cited in subsequent decisions involving similar

claims.[29]  Here, the Trust Deed also unambiguously confers upon MERS "the right to foreclose

and sell the Property" and to "take any action required of Lender"[30].  MERS therefore, contrary

to Plaintiffs' claims, is expressly authorized to initiate foreclosure proceedings on the Trust Deed

upon Plaintiffs' default under the Note.  *See also e.g., McGinnis v. GMAC Mort. Corp.* 2010 WL

3418204 (D. Utah, August 27, 2010) ("courts have consistently held that this language in a Deed

---

[25] *Id.* at *1.

[26] *Id.* at *4.

[27] *Id.* at *5.

[28] *Id.* at *7.

[29] *Id.* at *7; *see e.g., Rodeback v. Utah Financial*, 2010 WL 2757243 (D. Utah, July 13, 2010) (The trust deed specifies that "MERS ... has the right: to exercise any or all of [the interests granted by the Borrower through the trust deed], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of the Lender, including, but not limited to, releasing and canceling this Security Instrument."); *Southam v. Lehman Bros. Bank FSB et al.,* 2010 WL 3258320 (D. Utah. August 17, 2010) ("Plaintiff's underlying claim [for his causes of action is] that Defendants do not have the authority to assert any present default on the Note, or power of sale under the deed of trust because they have securitized the deed of trust. This argument must be rejected."); *King v. American Mortgage Network et al.*, 2010 WL 3222419 (D.Utah, August 16, 2010) (Where MERS assigned its beneficial interest under the trust deed, the assignor had the authority to foreclose).

[30] Complaint, Exhibit A, p. 3, bottom paragraph (emphasis added).

4

of Trust gives MERS the authority to foreclose in behalf of the lender and that MERS need not

possess the note in order to appoint a trustee in behalf of the lender who does hold the note");

*King v. American Mortg. Network, Inc.,* 2010 WL 3516475 (D.Utah, September 02, 2010)

("Chase and MERs are clearly authorized to act on behalf of the holder of the Note, Fannie Mae,

to begin foreclosure of the Property"); *Thayne v. Taylor, Bean & Whitaker Mortg. Corp.*, 2010

WL 3546929, *3 (D.Utah, September 10, 2010) ("MERS had the authority to foreclose the Deed

of Trust."); *Commonwealth Property Advocates*, *LLC v. Mortgage Electronic Registration

Systems, Inc.*, 2010 WL 3743643, (D.Utah, September 20, 2010) (same); *Foster v. BAC Home

Loan Servicing, LP*, 2010 WL 3791976, (D.Utah, September 22, 2010) (same).

    **B.**     **Plaintiffs Cannot State a Claim For Relief Under Any of Their Causes of Action.**

    Each of Plaintiffs' causes of action are each premised, and depend, upon the rejected

theory that defendants, including MERS, do not have authority to assert any default on the Note

or power of sale under the Trust Deed because the Note was purportedly transferred or assigned

and "securitized"; defendants therefore allegedly retained no enforceable interest.  As shown

above, however, the Trust Deeds, including the First Trust Deed, expressly grant MERS

authority to initiate foreclosure proceedings upon default, and Plaintiffs have not claimed there

has been no default or that the defendants have violated any foreclosure laws.  For the same

reasons explained in *Burnett*, *Rodeback, Southam,* and *King,* each of Plaintiffs' claims based

upon this erroneous assertion must fail.[31]  Furthermore, no amending of Plaintiffs' complaint

could cure its defects, since its factual allegations cannot support the erroneous legal conclusion

---

[31] Further, securitization of loans is a practice recognized by the United States Congress and courts.  *See Anchor Savings Bank v. United States*, 81 Fed.Cl. 1, 15-17 (United States Court of Federal Claims, 2008).

Plaintiffs desire and such amendment would be futile.  *See Commonwealth*, 2010 WL 3743643, at *3 (all of Plaintiff's claims hinge on whether MERS has authority to enforce Deed of Trust 1 and Deed of Trust 2. Having found that MERS has such legal authority by the express terms of the contract, the Court finds that no amount of amendment to Plaintiff's factual allegations could overcome the legal conclusion that Plaintiff's claims are foreclosed by the express terms of the contract).

Utah courts are not alone in rejecting claims similar to those alleged in Plaintiffs' complaint.[32]  California district courts have been inundated with numerous similar lawsuits and have uniformly rejected them.[33]  For example, in *Sicairos v. NDEXWest LLC*, the Southern District of California dismissed a borrower's complaint against a loan servicer and trustee based on the faulty premise that a foreclosing party must have the original promissory note before it could proceed with foreclosure upon plaintiffs default under the trust deed.[34] Calling it "Plaintiff's Flawed Legal Premises" The court reasoned that under California's statutory framework which governed non-judicial foreclosure, no party was required to physically possess the note to foreclose.[35]  Similarly, Utah foreclosure law "contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose." [36]

---

[32] *See e.g.*, Complaint, ¶58 ("Defendant cannot authenticate who owns the Note or who has interest in the Notes, therefore Plaintiff is entitled to quiet title on Plaintiff's Home.")

[33] *See Sicairos v. NDEX West, LLC*, 2009 WL 385855 (S.D. Cal. Feb. 13, 2009) (noting the thousands of similar "produce-the-note" lawsuits filed by the plaintiffs counsel).

[34] *Id.* at *4-5.

[35] *Id.* at *2-3.

[36] *Rhodes v. Aurora Loan Services, 2010 WL 3219310*, *2 (D. Utah, Aug. 13, 2010).

In the Eastern District of Virginia, the district court recently rejected Plaintiffs' theory, finding "[t]here is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property."[37]   The *Upperman* court cited Federal laws explicitly allowing for the creation of mortgage backed securities and therefore rejected declaratory relief causes of action premised upon lack of beneficiary authority.[38]

Plaintiffs' theory underlying each of their causes of action is simply not plausible.  The alleged transfer and securitization of the Note did not deprive MERS of the right to initiate foreclosure proceedings should Plaintiffs default. Additionally, with respect to Plaintiffs' quiet title claim, Utah law provides that "' [t]o succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not the weakness of a defendant's title or even its total lack of title.'"[39]   Here, Plaintiffs have alleged no facts either demonstrating the strength of their own title, or that there has been no default.  Plaintiffs have done nothing more than allege unsupported, conclusory allegations based on rejected legal theories in an apparent attempt to show alleged weakness in the interests of the defendants, including MERS.  Plaintiffs' generalized statements as to the lack of authority of MERS to initiate foreclosure proceedings are not sufficient to warrant any relief under their causes of action for injunctive relief,  estoppel/declaratory judgment, declaratory judgment, quiet title, or a refund of fees and costs paid pursuant to the Notes and incurred in this action.

---

[37] *See Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, *3 (RD. Va. April 16, 2010).

[38] *Id.*

[39] *Collard v. Nagle Constr.*, 2002 UT App 306, ¶15, 57 P.3d 603, *quoting Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045, 1048-49 (Utah 1983)).

<u>CONCLUSION</u>

Consistent with *Burnett* and its progeny, and since the defects in Plaintiffs' complaint are incurable and cannot be remedied by amendment since they are founded upon facts for which no valid claim can be framed, Defendant MERS respectfully request the court to grant its Motion and dismiss Plaintiffs' complaint, and each and every cause of action therein, with prejudice, on the merits and without leave to amend.  Defendant MERS further request such other and further relief as the Court deems proper.

DATED this 26th day of October, 2010.

FABIAN & CLENDENIN, P.C.

/s/ Felicia B. Canfield_____
Attorneys for Defendant Mortgage Electronic
Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2010, I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS to be filed with the Court through the Court's CM/ECF system, which thereby caused the foregoing document to be automatically electronically served on the following:

E. Craig Smay
174 E. South Temple
Salt Lake City, UT 84111
*Attorney for Plaintiffs*

/s/ Felicia B. Canfield_____