IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN R. WEST and COMMONWEALTH PROPERTY ADVOCATES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., HSBC BANK USA, N.A. and JOHN DOES OF UNKNOWN NUMBER,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:10CV1047<br><br>Judge Dee Benson |

This matter is before the court on Defendants', Mortgage Electronic Registration System ("MERS") and HSBC Bank ("HSBC"), Motion to Dismiss (Dkt. No. 5) and Motion for Sanctions. (Dkt. No. 7.) The court held a hearing on March 8, 2011. At the hearing, Craig Smay represented the plaintiffs and Jennifer Decker represented the defendants. After taking the motions under advisement, the court has further considered the law and facts relating to the motions. Being fully advised, the court renders the following Memorandum Decision and Order.

BACKGROUND

Between April 20, 2007, and October 8, 2008, Plaintiff, Ryan West, executed three promissory notes and three deeds of trusts relating to the same piece of property located in Salt

Lake City, Utah. Plaintiff executed a promissory note and deed of trust ("Deed of Trust 1") on April 20, 2007. Plaintiff, on the same day, also executed a second promissory note and second deed of trust. Both promissory notes were in favor of Security National Mortgage Company. Both trust deeds executed on April 20, 2007, designate MERS as the beneficiary to act as "nominee for Lender and Lender's successors and assigns." Plaintiff executed the third promissory note and deed of trust on October 8, 2008. The third promissory note was in favor of Cache Valley Bank.

On January 12, 2009, MERS recorded a Substitution of Trustee appointing James H. Woodall as successor Trustee for Deed of Trust 1. On the same, day Mr. Woodall served a Notice of Default and Election to Sell the subject property. Plaintiffs sued seeking to prevent Defendants from foreclosing on the subject property. This case was originally filed in state court but was removed to federal district court.

## STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that while Rule 8 of the

Federal Rules of Civil Procedure does not require detailed factual allegations, it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S.Ct. 1937, 1949 (2009). Pleadings that offer "labels or conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

As a preliminary matter, at oral argument Plaintiffs argued that Defendants had not properly accelerated the mortgage upon default. However, Plaintiffs did not include this acceleration claim in their complaint and that issue is therefore not before the court.

Plaintiffs' request for relief challenges MERS' authority to foreclose on Deed of Trust 1. They claim that "defendants have ceased to have any interest in the Trust Deeds securing the same, pursuant to §57-1-35, UCA (1953), and may take no action to foreclose such security absent proof of agency to do so on behalf of the present owner of such debts, the investors in mortgage backed securities." (Compl. ¶ 61.)

Deed of Trust 1 states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property.

Compl., ¶ 42; Ex. B p. 3.

Judge Dale Kimball, of this district court, in a similar lawsuit with an identical provision in the Deed of Trust, issued a written decision explaining MERS' authority.

> [W]hen Plaintiff defaulted on her contractual monthly payments, MERS had authority under the Deed of Trust to initiate foreclosure proceedings and to appoint

>Woodall as successor trustee. Upon [Plaintiff's] default in payments, MERS had authority to take any action required of Lender, including the right to appointed [sic] Woodall trustee and the right to foreclose and sell the property.

*Burnett v. Mortgage Elecrtonic Registration Systems, Inc.*, No. 1::09-CV-69 DAK WL 3582294, *4 (D. Utah Oct. 27, 2009).

This case requires the same result. The language of the deed of trust is clear; MERS has the authority to take "any action required of Lender, including the right to appoint Woodall trustee and the right to foreclose and sell the property." *Id.*

This conclusion is not changed by Plaintiffs' allegation that the underlying note was securitized. Plaintiffs have not satisfied the pleading requirement to show that because of the alleged securitization, MERS is no longer the lender's nominee with the authority to foreclose on behalf of the note holders. Plaintiffs argued that upon transfer of the debt MERS lost its right to foreclose. However, plaintiffs offer no evidence or legal argument that MERS fails to have the rights delineated to it in the deed of trust, including the power to foreclose, irrespective of who owns the note. Plaintiff fails to adequately demonstrate that the right to foreclose is lost by the transfer of the debt. Any new contract that is the result of securitization does not free plaintiffs from the express terms of the deed of trust. Therefore, the court GRANTS Defendants' Motion to Dismiss.

Defendants' Motion for Sanctions is DENIED

## CONCLUSION

For the reasons set forth above and in Defendants' memoranda in support of their motion, Defendants' Motion to Dismiss is GRANTED and Defendants' Motion for Sanctions is DENIED.

DATED this 5th day of April, 2011.

Dee Benson

United States District Judge